UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Harleysville Worchester Insurance Company, | ) ) ) | Civil Action No.:  4:19-cv-1413-RBH |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| Timothy Carlino, | ) ) | |
| Defendant. | ) ) | |

This case involves a coverage dispute about whether a Commercial General Liability ("CGL")
policy provides coverage for injuries arising out of an automobile accident. This matter is before the
Court for consideration of Plaintiff Harleysville Worchester Insurance Company's ("Plaintiff") motion
for summary judgment, ECF No. 8. For the reasons discussed below, the Court will grant Plaintiff's
motion for summary judgment and dismiss this case with prejudice.

**Factual and Procedural History**

The following facts are undisputed. This case arises out of an automobile accident that occurred
on January 22, 2018, in which Timothy Carlino ("Defendant") was struck by George Shaw, an
employee of T&T Contracting and Hauling Inc. ("T&T"). ECF No. 8 at 4. Defendant filed suit against
T&T, George Shaw, and Harold Durr in the Williamsburg County Court of Common Pleas on February
20, 2018, seeking damages against the state court defendants caused by the accident. See Underlying
State Court Complaint, ECF No. 1-2. Plaintiff issued a CGL policy, Policy No. GL00000041165Z,
("the Policy") to T&T with effective dates of April 1, 2017 to April 1, 2018. ECF No. 8 at 2. The state
court claims were settled with the exception of the issue of whether the Policy provided additional
coverage for the accident. ECF No. 13.

The Policy issued by Plaintiff provides coverage to certain persons who qualify as insureds for liability arising out of certain risks under the insuring agreement and it excludes certain other risks through policy exclusions. ECF No. 1-1. Specifically, the policy provides:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I - COVERAGES**

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply...

2. Exclusions

This insurance does not apply to:

> g. Aircraft, Auto, or Watercraft
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated or rented or loaned to any insured.

**SECTION II - WHO IS AN INSURED**

1. If you are designated in the Declarations as:

> d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with

2

respect to their duties as your officers and directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2. Each of the following is also an insured:

a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees" other than your "executive" officers...but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business...

**SECTION V - DEFINITIONS**

5. "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

ECF No. 1-1 at 10-11,13, 18, 22.

Plaintiff filed the present declaratory judgment action seeking a declaration from this Court that the Policy does not provide coverage for the claims and damages of Defendant arising from the underlying state court action. ECF No. 1. Shortly after this case was filed, Plaintiff moved for summary judgment, contending there is no issue of material fact and Plaintiff is entitled to a declaration from this Court stating there is no coverage as a matter of law. ECF No. 8. Defendant did not file a response in opposition, however, counsel for Plaintiff submitted a letter to the Court indicating that, although Defendant does not wish to contest the motion for summary judgment, Defendant "preferred not to enter into a Consent Order" and the parties could not agree to dismiss the case with prejudice. ECF No. 13. Therefore, Plaintiff's motion for summary judgment is ripe for decision before this Court.

**Standard of Review**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"By its very terms, this standard provides that the mere existence of some alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary judgment; the

requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 247-48 (1986). A fact is "material" if proof of its existence or non-existence would affect the

disposition of the case under the applicable law. *Id*. "Summary judgment will not lie if the dispute

about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a

verdict for the non-moving party." *Id*. "[A]t the summary judgment stage the judge's function is not

himself to weigh the evidence and determine the truth of the matter but to determine whether there is

a genuine issue for trial." *Id*. at 249. The court should view the evidence in a light most favorable to

the non-moving party and draw all inferences in its favor. *Id*. at 255.

## Discussion

Plaintiff asserts the Policy does not provide liability coverage for any injuries or damages

arising out of the January 22, 2018 auto accident because the Policy excludes liability coverage for

"bodily injury or property damage arising out of the ownership, maintenance, use or entrustment to

others of any auto operated by any insured." ECF No. 1-1 at 13.

The Policy states it will "pay those sums the insured becomes legally obligated to pay as

damages because of 'bodily injury' or 'property damage' to which this insurance applies." *Id*. at 10.

It is clear T&T is an insured for liability coverage because T&T is designated in the Declarations as

the insured organization. *Id*. at 2, 18. It is undisputed that Shaw was an employee of T&T and was in

the course and scope of his employment for T&T at the time of the January 22, 2018 accident. ECF No.

8-1 at 5. Therefore, Shaw is an "insured" for purposes of determining whether the Policy provides

liability coverage.

The Policy specifically states "[t]his insurance does not apply to... '[b]odily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured." *Id*. at 13. The Policy defines "auto" as "a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment." *Id*. at 21. Because George Shaw, an insured, was operating an "auto" at the time of the collision giving rise to the underlying state court claim, the Policy does not provide liability coverage and Plaintiff's motion for summary judgment will be granted.

Finally, the Court notes that the auto exclusion would apply regardless of the legal theory Plaintiff chose to assert in the underlying state court action. The Policy specifically states the auto exclusion applies "even if the claims against any insured allege negligence or wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the 'occurrence' which caused the 'bodily injury' or 'property damage' involved the ownership, maintenance, use, or entrustment to others" of any "auto" operated by an insured. *Id*. at 10, 13. Therefore, the fact that Defendant asserted a "negligent hiring, supervision and retention" claim in the underlying state court action is of no import here, and it does not change the Court's decision regarding the available coverage. The Policy does not provide commercial general liability coverage for injuries arising from the January 22, 2018 automobile accident.

## Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for summary judgment.

Therefore, this case is **DISMISSED WITH PREJUDICE**.


    **IT IS SO ORDERED.**


Florence, South Carolina                         s/ R. Bryan Harwell
January 28, 2019                              R. Bryan Harwell
                                               Chief United States District Judge